ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. CUNNINGHAM, | ) | CASE NO. 1:06CV1418 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MICHAEL J. ASTRUE, | ) | AND ORDER RE: AFFIRMING |
| COMMISSIONER OF SOCIAL | ) | COMMISSIONER'S DECISION |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

The Social Security Administration denied plaintiff's application for disability insurance benefits in the above-captioned case. The claimant sought judicial review of the Commissioner's decision, and this Court referred the case to Magistrate Judge George J. Limbert for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs,[1] the Magistrate Judge submitted a Report and Recommendation (Doc. 43) on February 25, 2008, recommending that the Commissioner's decision that the plaintiff was not disabled beginning May 1, 1998, be affirmed.

I.

When the Magistrate Judge submits a Report, this Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b). Objections to the Report must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509

---

[1] Although the plaintiff was given eight (8) extensions of time, he did not file a response to Defendant's Brief on the Merits. The last enlargement of time expired on October 24, 2007. *See* Non-document Order entered on October 23, 2007.

(6th Cir. 1991). The primary issue then becomes whether substantial evidence supported the Commissioner's decision. This Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge ("ALJ"). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*, quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*, quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation omitted). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). This inability to engage in substantial gainful activity encompasses both plaintiff's past employment and any other work existing in significant quantity in the economy. 42 U.S.C. § 423(d)(2)(A).

II.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo*. The Court has also considered plaintiff's Objections to the Report and Recommendation (Doc. 52), filed on April 21, 2008, with leave of Court.[2] The Court agrees with the Magistrate Judge that the administrative record contains substantial evidence to support the Commissioner's decision, finding that while the plaintiff's impairments of diabetes mellitus with peripheral vascular disease and neuropathy, status post kidney transplant, and possible pancreatic transplant, were severe, they did not meet or equal, individually or in combination, the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The Court finds that the ALJ considered plaintiff's fatigability, as well as muscle weakness or loss of strength and balance difficulties, and reasonably accommodated them by finding that the plaintiff could perform sedentary work with additional limitations on lifting and carrying, standing and walking, avoiding unprotected heights, very occasional climbing of ramps

---

[2]Plaintiff died on March 27, 2008. He is survived by his mother. *See* Motion for Extension of Time to File Plaintiff's Objections (Doc. 47) at 2.

3

or stairs, occasional stooping and no bending. Plaintiff's statements, the medical records, and the vocational records support the ALJ's findings. Therefore, the Court concludes that substantial evidence supports the ALJ's decision to partially discount the plaintiff's credibility relating to the impact of his fatigability and loss of muscle strength and balance on his ability to work.

Also unavailing is plaintiff's challenge to the security camera monitor job identified by Mark Anderson, the vocational expert ("VE"), upon which the ALJ relied in order to find that other work existed for him in significant numbers in the national economy. *See Nix v. Sullivan*, No. 90-2988, 1991 WL 118534, at *4 (7th Cir. July 2, 1991) (20 C.F.R. § 404.1566(b) suggests that a single occupation may constitute a sufficient occupational base to permit a claimant to make a work adjustment). The Court finds that the VE adequately explained how he determined the number of jobs existing at the national, regional, and local levels that the plaintiff could perform. The Court also concludes that substantial evidence supports the ALJ's determination that the plaintiff suffered only a "minor loss of acuity."

### III.

Accordingly, the Report and Recommendation of the Magistrate Judge is hereby adopted and the plaintiff's Objections are overruled. The decision of the Commissioner is affirmed. Judgment will be entered in favor of the defendant.

IT IS SO ORDERED.

| | |
|---|---|
| April 30, 2008 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |